Filed 3/13/24  P. v. Calderon CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROLANDO CALDERON,<br><br>    Defendant and Appellant. | B328858<br><br>(Los Angeles County<br>Super. Ct. No. PA033836) |

APPEAL from an order of the Superior Court of Los Angeles County, Ronald S. Coen, Judge.  Affirmed.

Jeralyn Keller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

In August 2001, a jury convicted defendant Rolando Calderon of two counts of attempted murder (Pen. Code, §§ 664, 187, subd. (a))[1], and found true the allegations that the attempted murders were premeditated and deliberated (§ 664, subd. (a)), a principal personally and intentionally discharged a firearm inflicting great bodily injury (§ 12022.53, subds. (d) and (e)(1)), a principal personally and intentionally discharged a firearm (*id.*, subds. (c) and (e)(1)), a principal personally used a firearm (*id.*, subds. (b) and (e)(1)), and the crimes were for the benefit of a criminal street gang (§ 186.22, subd (b)(1)). The trial court sentenced defendant to two consecutive life terms, a consecutive term of 25 years to life, and a consecutive term of 20 years.

On April 21, 2021, defendant filed a petition for resentencing pursuant to former section 1170.95[2] (now section 1172.6). The trial court denied the petition and we affirmed the denial on April 19, 2022. (*People v. Calderon* (Apr. 19, 2022, B312516 [nonpub. opn.].)

On July 18, 2022, defendant filed another petition for resentencing under section 1172.6. The trial court appointed counsel to defendant and following the filing of briefs, the court denied the petition, finding that defendant was ineligible for relief as a matter of law. Defendant now appeals from that order.

---

[1]	Further statutory references are to the Penal Code.

[2]	Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6 with no change in text. (Stats. 2022, ch. 58, § 10.) Further references will be to the statute's current section number only.

On October 26, 2023, defendant's appointed counsel filed an opening brief in which she did not identify any arguable issues and requested that we follow the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216.

On October 27, 2023, we notified defendant that appointed appellate counsel had filed a brief that raised no issues and defendant had 30 days within which to submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments that he wished this court to consider.

On November 27, 2023, defendant filed a supplemental brief, in which he contended that the jury was instructed on the natural and probable consequences doctrine and complained about his appointed appellate counsel. The record on appeal, however, demonstrates that the jury was not instructed on the natural and probable consequences doctrine. Indeed, this court affirmed the denial of defendant's prior section 1172.6 petition on the grounds that defendant had not been convicted of attempted murder under a natural and probable consequences theory. Defendant therefore is not entitled to relief as a matter of law. (See *People v. Coley* (2022) 77 Cal.App.5th 539, 548.) As to defendant's arguments about his appointed counsel's purported performance, such arguments have no bearing on whether defendant could "presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§1172.6, subd. (a)(3).) They therefore provide no basis for reversal. (See *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438.)

## DISPOSITION

The order denying the section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

MOOR, Acting P. J.

LEE, J.*

---

\*     Judge of the San Bernardino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4